UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM B. CRUZ, and
MEGHAN S. CRUZ,

    Plaintiffs,

vs.                                                              Case No. 12-11148

BANK OF AMERICA and
BAC HOME LOAN SERVICING, L.P.,                HON. AVERN COHN

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 3)
## AND
## DISMISSING CASE

### I.

This is another of one of many cases pending in this district involving a mortgage and foreclosure proceedings. As will be explained, this is plaintiffs' second federal lawsuit challenging the validity of the mortgage and foreclosure. Before the Court is defendant's[1] motion to dismiss under Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

### II.

This case concerns residential property located at 13149 Mercier Street in Southgate, Michigan. In 2006, plaintiffs purchased the property for $90,000.00 by obtaining a loan from Quicken Loans, Inc. Plaintiffs granted a mortgage in favor of

---

[1] While plaintiffs named both Bank of America (BOA) and BAC Home Loan Servicing, L.P. (BAC) as defendants, the sole defendant is BOA, who is successor by merger to BAC.

Mortgage Electronic registration Systems (MERS).  Plaintiffs defaulted on the mortgage.

On January 3, 2010, plaintiffs, through counsel, filed a complaint in this district challenging the pending foreclosure.  Cruz v. Bank of America, 11-10020.  The case was assigned to the undersigned.  Plaintiffs took no action regarding the case.  Accordingly, the Court directed plaintiffs to show cause by March 8, 2011 why the case should not be dismissed.  No response was filed.  On April 1, 2011, the Court dismissed the case under E.D. Mich LR 41.2 for lack of prosecution.

On September 4, 2010, MERS assigned its interest in the mortgage to BAC.  BOA later succeeded to BAC's interest by merger.

On June 15, 2011, BOA purchased the property at a foreclosure sale and obtained a sheriff's deed.  On June 24, 2011, BOA deeded the property to Federal National Mortgage Association (Fannie Mae).  The redemption period expired on December 15, 2011.  Plaintiffs did not redeem the property.

On December 28, 2011, Fannie Mae filed an eviction action in state court against plaintiffs.  On January 25, 2012, plaintiffs entered a consent judgment of possession to Fannie Mae.  Plaintiffs did not appeal the consent judgment.

On February 22, 2012, the date plaintiffs were required to move out of the property, plaintiffs filed this action in state court.  The complaint is virtually identical to the previously dismissed 2010 complaint.[2]  Defendant timely removed the case based on diversity jurisdiction.  The case was then assigned to the undersigned as a companion to the 2010 case.

---

[2]Plaintiffs' recent complaint appears to add a claim for violation of their civil rights under 42 U.S.C. §1983 based on race discrimination.

III.

As an initial matter, plaintiffs have not responded to defendant's motion.[3] The law in this Circuit is not clear on whether a failure to respond to a dispositive motion constitutes a sufficient ground for granting the motion. In Carver v. Bunch, 946 F.2d 451, 453-54 (6th Cir.1991), the court of appeals held that it is an abuse of discretion for a district court to dismiss under Fed. R. Civ. P. 12(b)(6) solely because the plaintiff failed to respond to a motion to dismiss unless the failure rises to the level of a failure to prosecute. The Sixth Circuit has also held that a failure to respond to a motion to dismiss will be grounds for granting the motion. See Scott v. State of Tennessee, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir.1989) (unpublished table decision) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); Humphrey v. United States Attorney General's Office, 2008 WL 2080512, *3 (6th Cir. 2008). While plaintiffs' failure could be considered a failure to prosecute, see n. 3, the Court declines to grant defendant's motion on these grounds.

Rather, the Court has reviewed defendant's motion and finds it to be well-taken.

---

[3]Defendant's motion was filed on March 21, 2012. Under the local rules, defendant's response was due within 21 days after service, on or about April 11, 2012. 2010. See E.D. Mich. LR 7.1(e)(1)(B). Plaintiffs did not timely respond to the motion. Accordingly, on May 30, 2012, the Court issued a Notice of Hearing on defendant's motion for July 18, 2012. The Notice states that a response to the motion shall be filed by June 22, 2012. To date, no response has been filed. In light of plaintiffs' failure to respond, the hearing set for July 18, 2012 is cancelled and the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

As fully explained in their brief and supporting exhibits, plaintiffs' claims are barred by res judicata. Moreover, the redemption period has expired which extinguished any rights plaintiff may have had. Finally, plaintiffs have not alleged any defects in the sheriff's deed or the sale sufficient to void the foreclosure.

SO ORDERED.

  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 11, 2012

I hereby certify that a copy of the foregoing document was mailed to Adam B. Cruz and Meghan S. Cruz, 13149 Mercier, Southgate, MI 48195 and the attorneys of record on this date, July 11, 2012, by electronic and/or ordinary mail.

  s/Julie Owens
Case Manager, (313) 234-5160